1  DONALD W. CARLSON [Bar No.: 79258]
   JOYCE C. WANG [Bar No.: 121139]
2  CARLSON, CALLADINE & PETERSON LLP
   353 Sacramento Street, 16th Floor
3  San Francisco, California 94111
4  Telephone: (415) 391-3911
   Facsimile: (415) 391-3898
5  dcarlson@ccplaw.com
   jwang@ccplaw.com
6
7  Attorneys for Defendant/Counterclaimant
   FACTORY MUTUAL INSURANCE
8  COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHROP GRUMMAN CORPORATION,<br><br>            Plaintiff,<br><br>     vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>            Defendant.<br>_____<br>AND ALL RELATED CROSS-ACTIONS | CASE NO.: CV-05-8444 DDP (PLAx)<br><br>PROTECTIVE ORDER<br><br>**\*\*NOTE CHANGES MADE BY THE COURT\*\***<br><br><br>Magistrate<br>Judge: Hon. Paul L. Abrams |

---

[PROPOSED] PROTECTIVE ORDER

This Court, having considered the parties' Stipulation and [Proposed] Protective Order of December 9, 2010, orders as follows:

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. "Court Protected Material" is defined herein as documents requested by Factory Mutual from the Navy consisting of proprietary information, trade secrets as defined by California Civil Code § 3426.1, or other research, development or commercial information or material, the disclosure of which, is likely to prejudice the rights of one or more parties hereto. The following documents, information, items, or materials may be designated as "Court Protected Material":

Northrop's "Court Protected Material":

    a. Site surveys and data related to security information regarding Northrop's facilities, to protect the sites' security measures/plans and to protect national security interests;

    b. Contracts, including government contracts relating to the manufacturing and production of products, to protect bid plans, technical product designs, cost schedules, and pricing approaches;

    c. Trade secrets, including engineering research, design, manufacturing, and development of products, including products related to national security;

    d. Proprietary business information, including strategic business decisions relating to government and military accounts, financial information, and long range planning objectives; and

    e. Any other documents that may implicate national security or other concerns regarding the disclosure of proprietary and/or sensitive business information (trade secret, foreign disclosure restrictions, privacy,

etc.) created or discovered during the investigation of Katrina's impact on Northrop's facilities.

Navy's "Court Protected Material":

    a.    Any protected Northrop data listed above and in the possession of the Navy;

    b.    Any other data submitted to the Navy by any other non-governmental entity that requires protection comparable to that for protected Northrop data;

    c.    Navy documents that include data covered by the two preceding bullet items;

    d.    Some Navy-created data, including internal advice and expressions of opinion; and

    e.    "No Disclosure to Defined Northrop Personnel" material, as defined in Paragraph 2, below.

2.    The Navy will mark material as "No Disclosure to Defined Northrop Personnel," which will consist of Court Protected Material whose disclosure to certain officers, employees, representatives, or agents of Northrop would reveal sensitive information relating to the Navy's conduct of business with Northrop. The Navy shall restrict the use of this marking to information whose disclosure to Northrop would impair the Navy's ability to conduct business with Northrop. Except with the prior written consent of the Navy, or upon an order of this Court, Court Protected Material designated "No Disclosure to Defined Northrop Personnel" may only be disclosed by a receiving party to:

    a.    The Navy;

    b.    outside counsel for either party, and such counsel's staff whose functions related to this case require access to "No Disclosure to Defined Northrop Personnel" information;

   c. Northrop in-house counsel Joseph Costello, who before reviewing materials designated as "No Disclosure to Defined Northrop Personnel" will read, understand and sign a certificate in the form attached as Exhibit A;

   e. outside experts and consultants retained or consulted by the parties in connection with this litigation (except officers, employees, representatives, or agents of Northrop other than those defined in this Paragraph 2), provided that he or she has signed a certificate in the form of Exhibit A attached hereto, which original certificate shall be maintained by the counsel retaining or consulting the expert or consultant;

   f. any persons testifying at a deposition (except officers, employees, representatives, or agents of Northrop other than those defined in this Paragraph 2), provided that he or she has signed a certificate in the form of Exhibit A attached hereto, which original certificate shall be maintained by the counsel first seeking to present "No Disclosure to Defined Northrop Personnel" Material to the deponent; and

   g. court reporters and videographers.

  3. All or any part of a document or a tangible item, within the scope of paragraph 1, disclosed or produced by the Navy may be designated as "Court Protected Material" by the Navy by marking the words "Court Protected Material" on the face of the tangible item, or on the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the Navy to the party to which the document is produced, and on the photocopies of each page so designated.  All or any part of a document or tangible item, within the scope of paragraph 1, disclosed or produced by the Navy may also be designated as "Court Protected Material" by the Navy by delivering at the time of disclosure or production to the party to which disclosure is made, or within twenty (20) days of

1. the entry of this Order for documents or tangible items already produced, written notice that such document(s) or tangible item(s) are "Court Protected Material."

4. All documents and other materials produced by the Navy under this Order and designated as "Court Protected Material," shall be used or disclosed solely in connection with this litigation. Such documents and materials shall not be used in any other proceeding or for any other purpose without further order of this Court.

5. Access to "Court Protected Material" shall be limited to:

   a. A party's directors, officers, employees, former employees, representatives and agents in connection with the prosecution, defense, or supervision of this litigation;

   b. Reinsurers, and outside or in-house auditors, in connection with the prosecution, defense, or supervision of this litigation;

   c. Regulatory authorities upon formal demand, to satisfy legal or regulatory requirements, or pursuant to court order, provided that written notice is given to the Navy and all parties at least five (5) days prior to disclosure, or as soon as practicable if disclosure is required in less than five (5) days;

   d. outside counsel for the respective parties in this action and their employees, agents and representatives who are assisting in the prosecution or defense of this action, provided, however, that certain "Court Protected Material" designated by the Navy with the added special designation "No Disclosure to Defined Northrop Personnel " may not be disclosed to certain employees, agents or representatives of Northrop, as defined in Paragraph 2, herein, or except as expressly agreed by the Navy or ordered by this Court;

   e. Experts and consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a party for the

purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this litigation, provided that such access shall be conditioned upon each expert's and/or consultant's agreement to abide by the terms of this Protective Order, by signing a certificate in the form of Exhibit A attached hereto, which original certificate shall be maintained by the counsel retaining or consulting the expert or consultant. Access to "Court Protected Material" by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants. Notwithstanding the foregoing, material provided by the Navy and marked by the Navy "No Disclosure to Defined Northrop Personnel" shall only be disclosed in accordance with Paragraph 2, herein.

6. Counsel shall inform each person to whom they disclose or give access to "Court Protected Material" of the terms of this Protective Order as well as the obligation of each such person to comply with those terms. Each person granted access to documents shall sign a certificate in the form of Exhibit A attached hereto, which original certificate shall be maintained by the counsel retaining or consulting the expert or consultant.

7. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of documents or information that legitimately are public record or in the public domain, received at any time by that party outside of the context of the Navy's response to the *Touhy* Request. The privileged status, if any, of such documents or information shall be determined without respect to this Protective Order.

8. Nothing in this Order shall be construed in any way as a finding that the "Court Protected Material" does or does not constitute or contain proprietary information or trade secrets, or that "No Disclosure to Defined Northrop Personnel" material may never be disclosed to the defined Northrop personnel. Any party may

object to the designation by the Navy of any information or material as "Court Protected Material" and/or "No Disclosure to Defined Northrop Personnel" material. Specifically, counsel for the parties shall confer in a good faith effort to eliminate the necessity for a hearing and/or motion and to eliminate as many of the disputes as possible. If material supplied by the Navy is at issue, the Navy must be informed of the impending conference and invited to attend. Notice may be given to Navy counsel Robert E. Lieblich, Esquire, by telephone at (202) 681-3085 or by email directed to robert.lieblich@navy.mil (and preferably by both methods). It shall be the responsibility of counsel for the moving party to arrange for this conference. If counsel are unable to settle their differences, they shall formulate a joint written stipulation **and follow all aspects of Local Rule 37**. Following the conference of counsel, counsel for the moving party shall provide counsel for the opposing party with the moving party's portion of the stipulation. Counsel for the opposing party shall deliver or fax to counsel for the moving party the opposing party's portion of the stipulation within five (5) court days of receipt of the moving party's draft. After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless and until this Court enters an order to the contrary, the information or material shall be treated as "Court Protected Material" and/or "No Disclosure to Defined Northrop Personnel" material, as designated by the Navy.

9. Upon termination of this lawsuit, all parties shall return to counsel for the Navy all "Court Protected Material" received from the Navy including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of such "Court Protected Material," parties may certify to counsel for the Navy that they have destroyed all unreturned "Court Protected Material."

10. If the Navy inadvertently produces information or documents that it considers privileged or inadvertently produces "Court Protected Material," including "No Disclosure to Defined Northrop Personnel" material, without marking it as such, it may retrieve such information or documents or parts thereof as follows:

    a. Within thirty days of the discovery of the production, the Navy must give written notice to all parties who received copies of the produced document that the Navy claims said document, in whole or in part, to be privileged, or "Court Protected Material," including "No Disclosure to Defined Northrop Personnel" material. The Navy must state the nature of the privilege or designation.

    b. Upon receipt of such notice, all parties who have received copies of the produced documents shall promptly return them to the Navy and destroy any other copies thereof. In the event that only parts of documents are claimed to be privileged or "Court Protected Material," including "No Disclosure to Defined Northrop Personnel" material, the Navy shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged or designated for protection to all parties within thirty days of their return to the Navy, and shall provide copies of "Court Protected Material," or "No Disclosure to Defined Northrop Personnel" material, designated as such, within thirty days of their return to the producer. In the alternative, any recipient of such notice may promptly move for an order compelling production of such document **pursuant to Local Rule 37** on the ground that the claim of privilege or designation for protection is not well founded.

    c. After service of such notice, no motion to compel the production of the produced document may rely on an allegation that any privilege or designation as to the document was waived by its production.

11. This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

12. This Order does not preclude any party from moving **under Local Rule 37** to have any other information or material designated as Court Protected Material in accordance with the rules of this Court. Any such additional information or material designated as Court Protected Material shall be treated as "Court Protected Material" pursuant to the terms of this Order.

13. This Order may be amended by the Court to prevent manifest injustice. Additional protective orders also may be entered whenever deemed appropriate by the Court.

IT IS SO ORDERED that the foregoing are deemed an order of this Court and shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: December 10, 2010        By: _____
                                                  Hon. Magistrate Judge Paul L. Abrams